## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| WAYNE HYDAK, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) Case No: 2:21-cv-1066 |
| v. | ) |
| | ) Hon. William S. Stickman IV |
| DOMINION ENERGY TRANSMISSION, | ) |
| INC., | ) |
| | ) |
|        Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNIVAR SOLUTIONS USA INC. and | ) |
| WEAVERTOWN ENVIRONMENTAL | ) |
| GROUP, | ) |
| | ) |
|        Third-Party Defendants. | ) |

_____)

## MEMORANDUM OF LAW IN SUPPORT MOTION TO DISMISS
## THIRD-PARTY COMPLAINT

Third-party defendants Univar Solutions USA Inc. ("Univar") and Weavertown Environmental Group, now a part of EnviroServe, Inc. ("WEG"), respectfully submit this memorandum of law in support of their motion to dismiss third-party plaintiff Eastern Gas Transmission and Storage, Inc.'s ("EGTS"), formerly known as Dominion Energy Transmission, Inc., third-party complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This case arises out of personal injuries sustained by plaintiff Wayne Hydak ("Hydak" or "Plaintiff") on October 9, 2019. Hydak was removing asbestos panels from a facility owned by EGTS when a grated walkway over which he was moving a cart full of heavy asbestos panels collapsed, causing the cart to land on top of Hydak and causing severe injuries. In July 2021,

Hydak brought a negligence claim against EGTS, alleging, generally, that EGTS was negligent because of the dangerous conditions posed by the allegedly defectively-installed and maintained grated walkway. EGTS filed a third-party complaint against Univar and WEG alleging generally that, under the contract between EGTS and WEG[1] under which WEG provided services to remove the asbestos panels from EGTS's facility, WEG and Univar must indemnify EGTS against any potential losses EGTS may ultimately incur because of Hydak's claim. EGTS's third-party complaint fails and must be dismissed for failure to state a cause of action upon which relief can be granted because (1) EGTS has failed to satisfy federal pleading standards and (2) because venue in the Western District of Pennsylvania is improper as the parties to the relevant contract selected Virginia as the exclusive forum in which to bring disputes arising from the contract.

## I.    Facts

On August 6, 2019, EGTS and WEG entered into a contract under which WEG was to "provide services [to EGTS] related to the removal of asbestos transite sheeting and windows from a compressor building located at EGTS's Oakford Station." Ex. 1 (EGTS's Third-Party Complaint) ¶ 10; Ex. 2 (contract between EGTS and WEG appended as Ex. 1 to EGTS's Third-Party Complaint). The contract contains an "Indemnity" provision under which "[WEG] agree[d] to indemnify, hold harmless and at [EGTS's] sole option, defend [EGTS] . . . from and against any and all claims, demands, costs, losses, liabilities, lawsuits, or other proceedings brought or threatened by any third party . . . and to pay all of [EGTS's] costs in connection with, arising from, or relating to any Third Party Claim . . . arising out of, resulting from, or caused by, or in connection with: (a) this Agreement; (b) personal injury or death; [or] (c) property damage . . . ." Ex. 2 at 168,

---

[1] Hydak was an employee of WEG at the time of his injury; he filed a workers' compensation claim and received compensation for his injuries pursuant to that claim.

187-88. However, the "Indemnity" provision also provides that "[WEG] will only be liable under subsections (a), (b) and (c) . . . for Third Party Claims to the extent arising from the negligence, gross negligence or willful misconduct of [WEG], a Subcontractor, or [WEG's] or Subcontractor's employees and/or agents" and that **"[WEG] will not be liable under this Indemnity Section for any personal injuries, deaths, or property damage to the extent that they are caused by [EGTS's] negligence, gross negligence or willful misconduct**." *Id*. (emphasis added). Additionally, the contract between WEG and EGTS includes a forum selection clause providing that "[t]he parties agree that any litigation of or concerning this Agreement shall be maintained in the Circuit Court of Chesterfield, Virginia or the United States District Court for the Eastern District of Virginia, Richmond Division, and submit to their exclusive jurisdiction." *Id*. at 179-180; *see also id.* at 196 (inclusion of the same forum selection clause in an addendum to the contract).

On October 9, 2019, Hydak, who was an employee of WEG, was working on the removal of asbestos panels at EGTS's Oakford Station facility. Ex. 3 (Plaintiff's Complaint) ¶ 3. When he was injured, "Plaintiff [was using] an A-Frame drywall cart to transport the [asbestos] panels away from the facility." *Id*. ¶ 5. The "exit rout used by Plaintiff . . . included pushing the [loaded] drywall cart over a grated walkway." *Id*. ¶ 6. When transporting a load of heavy asbestos "panels across the grated walkway, [an] unsupported and unfastened corner panel of the walkway failed and collapsed, causing the A-Frame drywall cart and its load to fall on Plaintiff." *Id*. ¶ 10. "The failure of [EGTS's] grated walkway caused Plaintiff to suffer severe crush injuries, including, but not limited to, a fractured pelvis." *Id*. ¶ 11.

On March 9, 2021, before Plaintiff filed this lawsuit, "EGTS informed WEG/Univar of Plaintiff's threat" to file a lawsuit and Plaintiff's demand "that EGTS pay Plaintiff for a full and

final release of his claims against EGTS." Ex. 1 ¶¶ 13-15. Univar refused to "accept [EGTS's]

request for tender of [Hydak's] claim," citing the provision of the agreement between EGTS and

WEG which provided that WEG "will not be liable . . . for any personal injuries . . . to the extent

that they are caused by [EGTS's] negligence, gross negligence or willful misconduct," and noting

that "based upon [Univar's] review of this mater, the proximal cause of Mr. Hydak's injuries was

that EGTS improperly installed and/or failed to maintain the grated walkway, creating a latent

defect on the premises over which EGTS had exclusive control, and said defect caused the grate

to fail." Ex. 4 (June 21, 2021, Letter from Univar to EGTS appended as Ex. 2 to EGTS's Third-

Party Complaint).

After EGTS refused Plaintiff's pre-litigation demand, Hydak, on July 27, 2021, filed a

negligence claim against EGTS in the Pennsylvania Court of Common Pleas in Westmoreland

County, alleging that EGTS "failed to exercise reasonable care to protect Plaintiff" and that, "[a]s

a direct and proximate result of [EGTS's] negligence," Hydak suffered various damages, including

a "fractured pelvis," "severe and permanent crush injuries," and "mental pain, suffering and

inconvenience." *Id.* ¶¶ 15-36. Nowhere in his complaint does Hydak allege that any party other

than EGTS was negligent in causing his injuries. *Id.*

"EGTS removed [Hydak's] Complaint to this Court on August 12, 2021[,] and filed an

answer . . . on August 19, 2021." Ex. 1 ¶ 8. In its Answer to Hydak's Complaint, EGTS, while

admitting generally that Plaintiff was injured in the manner described in his Complaint, denied

that it was negligent or that it was liable for Plaintiff's injuries. Ex. 5 (EGTS's Answer to Plaintiff's

Complaint) *passim*. Among others, EGTS pleaded as affirmative defenses "contributory

negligence" on the part of Hydak and "the affirmative defense that the negligence of others caused

the injuries alleged in the Plaintiff's Complaint." *Id.* ¶¶ 19, 23. EGTS's Answer did not allege any

4

facts to support its claim that Plaintiff was contributorily negligent, nor did it identify who the "others" were that EGTS alleged caused Plaintiff's injury, let alone *how* these unidentified "others" were negligent. *Id.*

On August 25, 2021, EGTS filed a Third-Party Complaint against Univar and WEG, alleging three counts: breach of contract, declaratory relief – contractual indemnification, and contribution.[2] *Id.* ¶¶ 18-27. In support thereof, EGTS pleads as "FACTS," in sum and substance, those facts set forth above regarding the terms of the contract between EGTS and WEG, the correspondence between EGTS and Univar regarding Plaintiff's then-threatened lawsuit, and, by way of incorporating by reference Plaintiff's Complaint and EGTS's Answer, the facts set forth above regarding the circumstances giving rise to Plaintiff's alleged injuries, the nature of the injuries, and the procedural history. *Id.* ¶¶ 7-16. EGTS also pleads as a "fact" that it "denies that Plaintiffs' claims . . . are meritorious" and that "WEG and/or Univar is/are **solely or jointly with Plaintiff**, through his contributory negligence, liable for that harm based on their negligent actions." *Id.* ¶ 17 (emphasis added). Nowhere in its Third-Party Complaint—or in Plaintiff's Complaint or EGTS's Answer as incorporated by reference—did EGTS—or Plaintiff—allege any **facts** to support EGTS's allegation that "WEG and/or Univar" and/or Plaintiff were responsible for Plaintiff's alleged injuries or that any other party other than EGTS was negligent regarding the circumstances resulting in Plaintiff's alleged injuries.

---

[2] EGTS demanded a jury trial on all counts set forth in its third-party complaint. Ex. 1 at 6. It did so even though it "waive[d] [its] rights to trial by jury" on disputes arising out of the contract between it and WEG. Ex. 2 at 179-80, 196. Univar and WEG reserve all rights related to EGTS's improper jury demand, including the right to move to strike said demand.

## II.    ARGUMENT

EGTS's third-party claims against Univar and WEG must, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, be dismissed because EGTS has "fail[ed] to state a claim upon which relief can be granted" for two independent reasons: (1) EGTS's Third-Party Complaint against Univar and WEG is insufficiently pleaded and (2) this Court is an improper forum under the forum selection clause in the contract at issue between EGTS and WEG.

### A.    EGTS's claims must be dismissed because they are insufficiently pleaded.

EGTS's Third-Party Complaint against Univar and WEG must be dismissed because EGTS <u>has pleaded no facts</u> making its claim plausible on its face, and therefore has failed to satisfy the federal pleading standards required to sustain its claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is inadequately pleaded "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to survive a motion to dismiss]." *Iqbal*, 556 U.S. at 678. EGTS has, as detailed above, not just failed in its complaint to set forth "sufficient factual matter . . . to state a claim to relief [against Univar and WEG] that is plausible on its face," EGTS has "tender[ed] [nothing but] naked assertions devoid of further factual enhancement." *Id.* (quotations omitted).

EGTS's claims against Univar and WEG are all predicated upon an eventual finding that Univar/WEG's alleged negligence (or gross negligence or willful misconduct) caused the injuries alleged by Hydak. To prevail on its first two causes of action against Univar/WEG—breach of

contract and declaratory judgment—EGTS would need to prove that Univar/WEG are contractually obligated to indemnify it against losses stemming from Hydak's claims. However, Univar/WEG is only obligated under the contract between WEG and EGTS to indemnify EGTS for "personal injury or death . . . to the extent arising from the negligence, gross negligence or willful misconduct of [WEG], a Subcontractor, or [WEG's] or Subcontractor's employees and/or agents." Ex. 2 at 168, 187-88. Moreover, the contract expressly sets forth that "[WEG] will not be liable under this Indemnity Section for any personal injuries, deaths, or property damage to the extent that they are caused by [EGTS's] negligence, gross negligence or willful misconduct." *Id*. There are only three parties against whom negligence is alleged in this case: EGTS, as alleged by Hydak, and Univar/WEG and Plaintiff himself, as alleged by EGTS. A finding that EGTS was negligent would not, per the plain terms of the contract, trigger EGTS's contractual indemnification rights. Nor would a finding that Plaintiff was contributorily negligent trigger EGTS's indemnification rights because EGTS would not suffer any losses for Plaintiff's own alleged contributory negligence.[3] Therefore, the only party against which negligence has been alleged that could, assuming it were found to be negligent, trigger EGTS's indemnification rights would be Univar/WEG. However, EGTS has not alleged <u>any facts whatsoever</u> with regard to *how* Univar/WEG was allegedly negligent. EGTS has not pleaded to whom Univar/WEG owed a duty of care, what that duty was, how Univar/WEG breached that duty, or how that alleged breach led to any injury. Instead, EGTS has merely tendered the naked assertion that "WEG and/or Univar is/are solely or jointly with Plaintiff, through his contributory negligence, liable for that harm based

---

[3] Although Hydak was a WEG employee and WEG would ordinarily likely be required to indemnify EGTS for losses incurred by EGTS due to a personal injury caused by Hydak's negligence, given that Hydak's negligence, if any, only led to him injuring himself, EGTS will not incur any losses for Hydak's damages attributable to his own negligence.

on their negligent actions." Ex. 1 at ¶ 17 (emphasis added). Given its failure to plead any facts whatsoever regarding this critical element of its first two claims, those claims must be dismissed.

EGTS's third cause of action brought against Univar/WEG—contribution—likewise fails for the same reasons as it is inadequately pleaded. As with its first two causes of action, in order to prevail on its contribution claim, it will have to be found that Univar/WEG was somehow negligent and that such negligence contributed to Hydak's injury. However, because neither EGTS nor Plaintiff have pleaded any facts whatsoever regarding how Univar/WEG were allegedly negligent—and Plaintiff has not even alleged that Univar/WEG were negligent—EGTS has failed to sufficiently plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (quotations omitted). Furthermore, EGTS's common law contribution claim is barred by Pennsylvania law. Under Pennsylvania's Worker's Compensation Act, an "employer . . . shall not be liable to a third party for . . . contribution . . . unless liability for such . . . contributions . . . shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." 77 Pa. Stat. Ann. § 481(b). EGTS has not pleaded that there is a written contract between it and Univar/WEG providing EGTS with a right to seek contribution from them, nor can it do so, as the contract at issue simply does not contain such a provision.

Because EGTS has pleaded nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in support of its purported claims against Univar and WEG, *Iqbal*, 556 U.S. at 678, EGTS has failed to state a cause of action under federal pleading standards as set forth by the Supreme Court in its *Twombly* and *Iqbal* opinions. Accordingly, EGTS's claims against Univar and WEG must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**B.      EGTS's claims against Univar and WEG must be dismissed because they were brought in an improper forum.**

All three of EGTS's claims against Univar and WEG—breach of contract, declaratory judgment, and contribution—must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because EGTS has "fail[ed] to state a claim upon which relief can be granted" because the Western District of Pennsylvania is not an appropriate forum in which to bring claims arising out of the contract between EGTS and WEG. The contract between WEG and EGTS includes a forum selection clause, providing that "[t]he parties agree that any litigation of or concerning this Agreement shall be maintained in the Circuit Court of Chesterfield, Virginia or the United States District Court for the Eastern District of Virginia, Richmond Division, and submit to their exclusive jurisdiction." Ex. 2 at 179-80, 196. It is incontrovertible that all three of EGTS's (inadequately pleaded) claims against WEG and Univar arise out of or concern the contract; its breach of contract claim seeks enforcement of the contract, its declaratory judgment claim seeks interpretation of the contract, and all three of its claims—including its contribution claim—concern personal injuries arising out of performance of the contract. Accordingly, all three claims should have been brought in Virginia, not Pennsylvania.

The Supreme Court has acknowledged that "[a] forum-selection clause . . . may have figured centrally in the parties' negotiations and . . . may, in fact, have been a critical factor in their agreement to do business together in the first place" and that "[i]n all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66 (2013) (reversing and remanding for further proceedings the District Court's refusal to, pursuant to a forum selection clause, transfer venue from Texas to Virginia). Accordingly, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id*. at 63 (citations and quotations

omitted). Under Third Circuit precedent, when a party to a contract brings claims in a forum other than that selected in the parties' contract, there is "no doubt that a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001) (affirming District Court's dismissal of claims brought in the District of New Jersey when the contract out of which those claims arose specified that the "lawsuit be brought either in the District Court for the Southern District of New York or in a New York State court located within New York County."); *see also Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) (per curium) (affirming order of the District Court for the Eastern District of Pennsylvania dismissing claims brought there when the parties' forum selection clause provided that any litigation should be brought "in a state or federal court in Miami, Florida.").

Moreover, District Courts around the country, including in the Western District of Pennsylvania, have routinely enforced forum selection clauses in agreements between third-party plaintiffs and third-party defendants. *See*, *e.g.*, *Thar Process, Inc. v. Sound Wellness, LLC*, No. CV 20-945, 2021 WL 1110572, at *5 (W.D. Pa. Mar. 23, 2021) (granting motion of third-party defendant to transfer venue to New York pursuant to a valid forum selection clause in a contract between it and third-party plaintiff); *Glob. Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*, No. 16-CV-00920-LB, 2016 WL 4259126, at *10 (N.D. Cal. Aug. 12, 2016) (enforcing forum selection clause and granting third-party defendant's motion to dismiss third-party complaint); *AIG Eur. Ltd. v. Gen. Sys., Inc.*, No. CIV.A. RDB-13-0216, 2013 WL 6654382, at *5 (D. Md. Dec. 16, 2013) (same); *Bridgemans Servs. Ltd. v. George Hancock, Inc.*, No. C14-1714JLR, 2015 WL 4724567, at *6 (W.D. Wash. Aug. 7, 2015) (enforcing forum selection clause and dismissing fourth-party complaint brought in incorrect forum). Indeed, in a case with nearly

identical facts to those here where a defendant answered a plaintiff's complaint and brought third-party indemnification claims against a third-party, the United States District Court for the Northern District of Illinois dismissed the third-party complaint because the forum selection clause at issue provided that the claims had to be brought in New York, not Illinois. *Pinkus v. Sirius XM Radio Inc.*, 255 F. Supp. 3d 747, 753 (N.D. Ill. 2017). Notably, the *Pinkus* court found that "considerations of judicial economy alone do not permit courts to ignore a presumptively valid forum selection clause." *Id*. at 751 (citations and quotations omitted).

There is no reason that this Court should not enforce the parties' forum selection clause and dismiss EGTS's third-party complaint pursuant to Fed. R. Civ. P. 12(b)(6) consistent with Third Circuit precedent. Indeed, as the Supreme Court has held, "a valid forum-selection clause" such as that in the EGTS/WEG contract "should be given controlling weight in all but the most exceptional cases. *Atl. Marine Const. Co*, 571 U.S. at 63 (citations and quotations omitted). This is not an "exceptional case." As with the third-party defendant in *Pinkus*, Univar and WEG were brought into this case simply for contractual indemnification purposes. There is no reason why EGTS's (insufficiently pleaded) third-party claims against Univar and WEG cannot be litigated in the forum selected by the parties in their contract.[4] Moreover, Plaintiff himself is not pursuing claims against Univar and WEG, meaning the only claims against Univar and WEG which would be adjudicated here, if this motion is not granted, are those asserted by EGTS, claims which are to be properly brought in Virginia.

The only argument that could possibly be made in support of allowing EGTS to pursue its third-party claims here would be to promote judicial economy which, as noted by the *Pinkus*

---

[4] Nor is there any reason why EGTS cannot wait to re-file in the appropriate forum until such a time—which very well may never come—that it suffers an indemnifiable loss under the agreement and Univar/WEG, for some reason, refuse to honor their contractual obligations to indemnify.

court, is not a consideration standing alone that can override a valid forum selection clause.[5]

Therefore, for the foregoing reasons, EGTS's third-party complaint should be dismissed pursuant

to Fed. R. Civ. P. 12(b)(6) because it was brought in a forum other than that selected by the parties

to the contract at issue.

## III.    CONCLUSION

For the foregoing reasons, Univar and WEG respectfully request that this Court grant its

motion to dismiss EGTS's third-party complaint and grant any other relief as this Court finds just

and proper. Furthermore, having had an opportunity to amend its third-party complaint after

receiving a thorough preview of the arguments of Univar and WEG, Univar and WEG respectfully

requests that the dismissal be with prejudice.

---

[5] Moreover, any argument advanced by EGTS that pursuing its third-party claims here would promote judicial economy has no merit. All of EGTS's claims against Univar and WEG are predicated on an eventual finding that Univar or WEG negligently contributed to Hydak's alleged injuries. Under Pennsylvania's Workers' Compensation Act, as Mr. Hydak's employer, WEG and Univar cannot be held liable to him for "damages in any action at law or otherwise." 77 Pa. Stat. Ann. § 481(a). Moreover, an employer cannot appear on a verdict sheet in cases brought by an employee against a third party for personal injuries, such as here, even if the employer would be included "[f]or purposes of apportioning liability only." 42 Pa. Stat. and Cons. Stat. Ann. § 7102. Accordingly, when an employer is joined as a third-party defendant in a case such as this, Pennsylvania courts have held that "the substantive rights of the parties must be determined precisely as if the plaintiff's claim against the defendant and the defendant's claim against his indemnitor had been tried separately." *Fulmer v. Duquesne Light Co.*, 543 A.2d 1100, 1104 (Pa. Super. 1988). To effectuate this, it has been found "that better practice would dictate bifurcation, i.e., that evidence pertaining to the additional defendant's agreement to indemnify be deferred until after the liability of the defendant to the plaintiff has been determined." *Id.* (citations omitted). Therefore, there is little to be gained in terms of judicial economy since "better practice" dictates that Hydak's claims against EGTS be fully tried before reaching EGTS's claims against Univar/WEG (assuming EGTS is even held liable to Hydak in the first place). A court in the forum selected by the parties can just as easily as this Court resolve EGTS's claims against Univar/WEG. There is also no economy gained by trying EGTS's claims before the same jury because, as noted above, the parties to the contract at issue waived their right to a jury trial, meaning a jury will not need to be selected in Virginia.

Dated: Philadelphia, PA
      November 1, 2021

/s/ Matthew C. Cairone
Matthew C. Cairone
FISHKIN LUCKS LLP
1601 Market Street, 19th Floor
Philadelphia, PA 19104
(215) 607-2500
mcairone@fishkinlucks.com
*Counsel for Third-Party Defendants*
*Univar Solutions USA Inc. and*
*Weavertown Environmental Group*